UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-463-FDW

| Cephas Lorenzo WILLIAMS, Jr. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. COLVIN, | ) | |
| *Acting Commissioner of Social Security* | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision for Social Security Disability Insurance benefits. 42 U.S.C. § 405(g) (2012). Because Plaintiff is asking the Court to review an administrative decision outside of the pleadings, Plaintiff's Motion for Judgment on the Pleadings is converted to a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the case is REMANDED to the administrative law judge ("ALJ") for further proceedings consistent with this opinion.

**I.     Background**

The procedural history is not in dispute. Plaintiff filed for Social Security Disability benefits on October 18, 2011, alleging a disability onset date of October 1, 2011. (Tr. 14). This application was denied initially and upon reconsideration. Id. Plaintiff then requested a hearing before an ALJ and the hearing was held on October 8, 2013. Id. Plaintiff waived his right to

representation at the hearing and testified without the assistance of counsel. Id.

At step one of disability analysis, the ALJ determined that Plaintiff was not engaged in substantial gainful activity. (Tr. 16). At step two, the ALJ found that Plaintiff suffered from several severe impairments: degenerative disc disease, arthritis, rectal bleeding with internal hemorrhoids, carpal tunnel syndrome, psychotic disorder, mood disorder, depressive disorder, and history of polysubstance abuse. Id. These impairments did not meet or equal the severity of one of the listed impairments at step three. Id. At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, but could not climb ropes, ladders or scaffolds. (Tr. 20). Plaintiff was further limited to "only occasional" climbing of ramps or stairs. Id. Plaintiff also needed a cane to "ambulate," but not to perform job duties. Id. Due to Plaintiff's mental impairments, Plaintiff was "limited to simple, routine, repetitive tasks with only occasional interaction with the public." Id. Based on these limitations, the ALJ determined that Plaintiff was unable to perform any past relevant work, but there were still a significant number of jobs that Plaintiff could perform (step five). (Tr. 26). The ALJ therefore found Plaintiff not disabled. (Tr. 27). The Appeals Council denied Plaintiff's request for review, (Tr. 1), and Plaintiff timely filed his appeal to this Court.

Plaintiff raises three main issues on appeal. Plaintiff first contends that the ALJ inappropriately discounted his treating physician opinion. (Doc. No. 12, p. 6). Secondly, Plaintiff argues that the ALJ's determination of Plaintiff's RFC was lacking in evidentiary basis. Id. Finally, Plaintiff argues that the ALJ failed to develop the record by not providing "sympathetic assistance" to Plaintiff when he was unrepresented by counsel. Id. at 4, 6. The parties' Motions are now ripe for disposition.

2

## II.     Standard of Review

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence but may be lower than a preponderance of the evidence. Id.

## III.     Analysis

Plaintiff argues that the ALJ failed to allocate weight to medical opinions, and failed to support his RFC determination with sufficient evidence. (Doc. No. 12, p. 11–12). Remand is appropriate if an ALJ's analysis is extremely deficient and "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015); see also Monroe v. Colvin, No. 15-1098, 2016 WL 3349355 (4th Cir. June 16, 2016). In Mascio, the ALJ's failure to include a narrative discussion on how the evidence supported conclusions regarding a plaintiff's RFC was grounds for remand. 780 F.3d at 636. Remand is necessary when a reviewing court is "left to guess [at]

how the ALJ arrived at his conclusions." Id. at 637. The Court finds this to be the case here.

The ALJ in this case determined that Plaintiff was capable of light work with several restrictions, including limitations to Plaintiff's climbing and social interactions. However, the Court is unable to discern how the ALJ came to any of these determinations because the ALJ does not explain which medical opinions he relied upon and what weight he assigned to them. For instance, light work, as defined in 20 C.F.R. § 404.1567(b), requires being able to lift up to 20 pounds and frequently lift up to 10 pounds. Yet the hearing decision does not reference any medical evidence considering Plaintiff's carrying and lifting capacity. Instead, the ALJ decision mostly restates Plaintiff's treatment history, and provides no analysis towards the relevance of the previous medical diagnoses and treatments. (See Tr. 22–23). Furthermore, the ALJ determined that Plaintiff required a cane to walk, but did not require the cane in the performance of job duties. Jobs within the light work category may "require[] a good deal of walking or standing." 20 C.F.R. § 404.1567(b). Again, the ALJ's decision does not reference any medical evidence to support the assertion that Plaintiff's need of a cane did not apply in the work context.

The Court finds that the lack of analysis in the ALJ's decision frustrates meaningful review, and therefore must remand this case for further proceedings. See Mascio, 780 F.3d at 636. The ALJ's rote recitation of Plaintiff's medical history is simply not sufficient. See id. ("[T]he residual functional capacity 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . .'") (quoting SSR 96-8p, 1996 WL 374184, at *7 (1996)); see also Monroe, 2016 WL 3349355 at *10 ("[T]he ALJ 'must build an accurate and logical bridge from the evidence to his conclusion[.]'") (citation omitted). Because remand is clearly in order as explained above, the Court declines to

4

address Plaintiff's additional assignments of error.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the case hereby REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: July 14, 2016

Frank D. Whitney
Chief United States District Judge